IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TROY McCLAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:13-cv-01189 |
| METROPOLITAN SECURITY SERVICES, INC. d/b/a WALDEN SECURITY, | ) ) JURY DEMAND ) ) |
| Defendant. | ) ) |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.02(d)(2), the following Initial Case Management Plan is adopted:

I. JURISDICTION: This Court has jurisdiction pursuant to 28 U.S.C. § 1331, since this action alleges a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") set forth at 38 U.S.C. § 4301 *et seq.*

II. BRIEF THEORIES OF THE CASE:

A. PLAINTIFF'S THEORY OF THE CASE:

In September 2012, Plaintiff, Troy McClain, was called to military service by his unit and served on active duty in the Tennessee Air National Guard. Prior to serving on active duty in September 2012, Plaintiff gave Defendant reasonable notice under USERRA to alert the company that he was being called to active duty. Plaintiff returned from active duty on February 17, 2013 and made a timely application for reemployment. Defendant did not offer Plaintiff a comparable position; instead Plaintiff was offered a reduced employment schedule. From March to October, Plaintiff's hours were reduced from the schedule he had prior to his deployment

1

without justification. Ultimately, Defendant terminated Plaintiff. Defendant willfully discriminated against Plaintiff in violation of his federally protected rights granted under USERRA. Plaintiff has been harmed, and continues to experience harm, as a result of Defendant's unlawful actions.

B. DEFENDANT'S THEORY OF THE CASE:

Defendant Metropolitan Security Services, Inc. d/b/a Walden Security, disputes Plaintiff's version of events as described in Plaintiff's Complaint, and denies that Plaintiff was subjected to any discriminatory conduct while working at Walden Security. Additionally, Walden Security denies that it did not offer Plaintiff a comparable position upon his return to work. In fact, Walden Security reinstated Plaintiff to the same position that he held prior to being called to active duty. Walden Security denies that Plaintiff is entitled to any lost pay or benefits. Plaintiff is a current Walden employee and has suffered no damages.

III. IDENTIFICATION OF THE ISSUES:

(a) Issues Resolved: Jurisdiction and venue.

(b) Issues Still in Dispute: Liability and damages.

IV. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES:

The parties do not anticipate any issues to arise under Rules 13-15-, 17-21, or Rule 23 of the Federal Rules of Civil Procedure.

V. INITIAL DISCLOSURES AND STAGING OF DISCOVERY:

(a) Initial Disclosures: The parties will exchange their initial disclosures on or before **January 22, 2014**.

(b) Completing All Discovery: The parties shall complete all written discovery and depositions on or before **July 24, 2014**. Document requests, interrogatories and requests for

admission shall be served sufficiently in advance of the discovery cutoff in order to allow time for responses and resolution of any discovery disputes prior to the expiration of the discovery deadline.

    (c)    Discovery-Related Motions: Discovery-related motions are due on or before **August 24, 2014**. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge [The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.]

    (d)    Expert Disclosures (Rule 26)

        (i)    Plaintiff's Rule 26(a)(2) expert witness disclosures and reports shall be served by **July 14, 2014**.

        (ii)    Plaintiff's Rule 26(a)(2) expert witness disclosures and reports shall be served by **August 14, 2014**.

VI.    **DISPOSITIVE MOTIONS:**

(a)    The deadline for filing dispositive motions is **September 26, 2014**.

(b)    Responses will be filed within 30 days after the date the motion is filed, no later than **October 26, 2014**.

(c)    Briefs (motions and responses) shall not exceed 25 pages.

(d)    Optional replies will be filed within 14 days after the date the response is filed, no later than **November 10, 2014**.

(e)    If dispositive motions are filed early, the response and reply dates are moved up accordingly.

VII. OTHER DEADLINES:

(a) Joining Parties:

    (i)     Plaintiff:     **April 18, 2014**

    (ii)     Defendant:     **May 18, 2014**

(b)     Deadline for filing Motions to Amend the Pleadings

    (i)     **Plaintiff: May 18, 2014**

    (ii)     **Defendant: June 18, 2014**

VIII. SUBSEQUENT CASE MANAGEMENT CONFERENCES:

The parties do not anticipate the need for a subsequent case management conference at this time. Should the Court, upon the request of either party, later stay the proceedings to facilitate settlement discussions or for any other reason, upon lifting of the stay Plaintiff will request that the Court set a subsequent case management conference for the purposes of scheduling at that time. In that situation, the conference will be conducted by telephone, and Plaintiff will initiate the call.

IX. ALTERNATIVE DISPUTE RESOLUTION:

The parties do not believe mediation would be helpful at this time, but they intend to reconsider the advisability of mediation after some discovery is conducted.

The parties, however, are not able to set a timeframe for settlement at this time.

X. TARGET TRIAL DATE: The parties anticipate that a ~~bench~~ *jury* trial [JB] in the matter will last two (2) days. Trial is set for _____, 20\_\_. *The target trial date is February 10, 2015.*

It is so ORDERED:

                                              _/s/ John Bryant_____
                                              JOHN BRYANT
                                              United States Magistrate Judge

APPROVED FOR ENTRY:


/s/ James B. Johnson
James B. Johnson (BPR #015509)
STITES & HARBISON, PLLC
SunTrust Center
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Telephone: (615) 244-5200
Facsimile: (615) 782-2371
Email: james.johnson@stites.com

*Counsel for Plaintiff Troy McClain*


/s/ Rodrick D. Holmes
Rodrick D. Holmes (BPR#024501)
Littler Mendelson, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
Telephone: (615) 383-3033
Facsimile: (615) 383-3323
Email: rholmes@littler.com

*Counsel for Defendant Metropolitan Security Services, Inc.
d/b/a Walden Security*